MAGGY M. ATHANASIOUS, Bar No. 252137
mathanasious@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

ALYSSA S. GJEDSTED, Bar No. 284588
agjedsted@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendants,
AMAZON.COM SERVICES, INC. AND
GOLDEN STATE FC, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LEAH MCLANE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC., a Delaware corporation; GOLDEN STATE FC, LLC, a Delaware limited liability corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed: April 30, 2019<br>(Riverside County Superior Court) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF LEAH MCLANE AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants AMAZON.COM SERVICES, INC. and GOLDEN STATE FC, LLC (collectively "Defendants" or "Amazon") hereby remove the above-captioned action from the Superior Court for the State of California, County of Riverside to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, Riverside County. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3. On April 30, 2019, Plaintiff LEAH MCLANE ("Plaintiff") filed an unverified Complaint for Damages for violations of the California Fair Employment and Housing Act (FEHA) [Government Code §§ 12900-12996] in the Superior Court

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

for the State of California, Riverside County: *LEAH MCLANE Plaintiff, vs. AMAZON.COM SERVICES, INC., a Delaware corporation; GOLDEN STATE FC, LLC a Delaware limited liability corporation; and DOES 1 through 20, Inclusive, Defendants*, Case Number RIC1902686 (hereinafter the "Complaint"). Declaration of Alyssa S. Gjedsted in Support of Defendant's Notice to Federal Court of Removal of Civil Action From State Court ("Gjedsted Decl."), ¶ 2 at **Exhibit A**.

4. Plaintiff's Complaint asserts five (5) purported causes of action for: (1) Gender Discrimination In Violation of Government Code § 12940, *et seq*. (FEHA); (2) Sexual Harassment In Violation of Government Code § 12940, *et seq*. (FEHA); (3) Intentional Infliction of Emotional Distress; (4) Negligent Supervision; and (5) Retaliation In Violation of Government Code § 12940, *et seq*. (FEHA). *See* Compl., ¶¶ 28-52. Plaintiff's prayer for relief includes prayers for:

a. General damages;
b. Special damages;
c. Loss of earnings;
d. Attorneys' fees and costs of suit;
e. Prejudgment interest; and
f. Punitive and exemplary damages.

*See* Compl., Prayer for Relief, ¶¶ 1-7.

5. On April 30, 2019, along with the Complaint (Exhibit A), Plaintiff served a Summons, Civil Case Cover Sheet, Certificate of Counsel, and Notice of Case Assignment on Defendants Amazon.Com Services, Inc. and Golden State FC, LLC. Gjedsted Decl., ¶ 3, at **Exhibit B**.

6. On May 2, 2019, a Notice of Case Management Conference was filed by the Clerk of the Court. Gjedsted Decl., ¶ 4, at **Exhibit C**.

7. On May 7, 2019, the matter was reassigned to the Honorable Judge Irma Poole Asberry in Department 5. Gjedsted Decl., ¶ 5, at **Exhibit D.**

8. On May 7, 2019, a Proof of Service of Summons was filed with the Court

reflecting service on Defendant Amazon.Com Services, Inc. of the aforementioned documents. A Proof of Service of Summons was also filed with the Court reflecting service on Defendant Golden State FC, LLC of the aforementioned documents. Gjedsted Decl., ¶ 6, at **Exhibit E.**

9. On June 5, 2019, Defendants filed a Peremptory Challenge under Code of Civil Procedure § 170.6, along with supporting papers. Gjedsted Decl., ¶ 7, at **Exhibit F**.

10. On June 5, 2019, Defendants filed their Answer to Plaintiff's Unverified Complaint for Damages. Gjedsted Decl., ¶ 8, at **Exhibit G**.

11. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of California, Riverside County or served by any party other than as described above. Gjedsted Decl., ¶ 8. The Attachment of Exhibits "A" through "G" satisfies the requirements of 28 U.S.C. section 1446(a). *See* Gjedsted Decl., ¶¶ 1-9.

**INDIVIDUAL & DOE DEFENDANTS**

12. No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

**TIMELINESS OF REMOVAL**

13. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). On May 7, 2019, the Complaint and Summons were served on Defendants.

As Defendants filed this Notice of Removal within 30 days of service of the summons and complaint, this Notice of Removal is timely as a matter of law.

**DIVERSITY JURISDICTION**

14. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

15. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

16. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

**A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

**Plaintiff Is A Citizen Of The State Of California.**

17. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8,

10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges that she was at all relevant times a resident of the County of Riverside. Compl., ¶ 1; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff, by her own admission, is a citizen of the State of California.

**Defendants Are Not Citizens Of The State Of California.**

19. For purposes of Section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80.

20. In the case of a limited liability company, the court should consider the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.")

21. Neither Defendant Amazon.Com Services, Inc. nor Golden State FC,

LLC, are state officials, or other governmental entities. Declaration of Michael Deal in Support of Defendants' Notice of Removal to Federal Court ("Deal Decl."), ¶ 2.

22. **Defendant Amazon.Com Services, Inc.** Defendant Amazon.Com Services, Inc. was at the time of filing this action, and remains, a company incorporated under the laws of the State of Delaware. Deal Decl., ¶ 6. Defendant Amazon.Com Services, Inc.'s principal place of business is Seattle, Washington. *Id*. at ¶ 7. Key executives of Amazon.Com Services, Inc., including all of its directors and most of its officers, are based out of its Seattle, Washington corporate headquarters. *Id*. Seattle, Washington is also where Defendant Amazon.Com Services, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control and coordination for its operations. *Id*. Under the applicable standard, Amazon.Com Services, Inc.'s principal place of business is indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

23. **Defendant Golden State FC, LLC.** Defendant Golden State FC, LLC was formed on December 22, 2011 as a limited liability company organized and incorporated under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. Deal. Decl., ¶ 3. Defendant Golden State FC, LLC's corporate decisions, including operational, executive, administrative, and policymaking decisions were made in Seattle, Washington, even though it conducted business in California. *Id*. Defendant Golden State FC, LLC has dissolved, ceased operations and its business registration in California was cancelled as of January 8, 2019. *Id*.

24. Defendant Golden State FC, LLC merged into Amazon.com Services, Inc. effective January 1, 2019. Deal Decl., ¶ 4, at Exhibit "A". Amazon Fulfillment Services, Inc. is the former name of Amazon.Com Services, Inc. Deal Decl., ¶ 5. As explained above, Amazon.Com Services, Inc. is a corporation incorporated in Delaware. Deal Decl., ¶ 6. Also as explained above, Amazon.Com Services, Inc.,

maintains its principal place of business in Seattle, Washington. *Id*. Therefore, because Amazon.Com Services, Inc.'s citizenship is Delaware and Washington, and it was the sole member of Golden State FC, Golden State FC's citizenship has at all relevant times been Delaware and Washington.

25. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

26. Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff and all Defendants are citizens of different states.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

27. Defendants need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553. Defendants need to only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds

$75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted).).

28. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendants in this action. Plaintiff's Complaint seeks damages for general and special damages, punitive damages, attorneys' fees and costs of suit. *See* Complaint, ¶¶ 24-27; Prayer for Relief, ¶¶ 1-7. Although Defendants deny that they should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

29. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages it not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

30. Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff far exceeds the sum of $75,000.

**<u>Lost Earnings and Benefits</u>.**

31. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendants' conduct she has "lost income, promotional and career opportunities, and has suffered economic losses in an amount to be determined at time of trial," and

states that she seeks loss of wages and benefits. Complaint, ¶¶ 24, 31; Prayer for Relief, ¶ 1. At present, Plaintiff is currently employed by Amazon as a Fulfillment Associate, making $15.00 per hour. Declaration of Molly Caselden in Support of Defendants' Notice of Removal ("Caselden Decl."), ¶ 4. Plaintiff began a medical leave of absence in June 2018. *Id.* She returned to work briefly in August 2018, before going back out on a medical leave of absence on August 22, 2018. *Id.* Aside from $692.86 in short-term disability ("STD") payments in 2018, and a payment of approximately $50.00 for 14.25 hours worked in August 2018 (making $13.50 per hour at that time), Plaintiff has been in an unpaid status since June 2018. *Id.* In the last two full years of employment in which Plaintiff worked, 2016 and 2017, she earned approximately $ 24,000.00. *Id.* Plaintiff also receives various forms of health and welfare benefits through her employment with Amazon. *Id.*

32. Although Defendants deny Plaintiff is entitled to recover any damages, assuming *arguendo* Plaintiff was to recover alleged lost income for the equivalent of one year of earnings, which is a conservative estimate, Plaintiff could recover $24,000.00 in compensatory damages, exclusive of health and welfare benefits and without quantifying Plaintiff's alleged loss of future employment and/or promotional opportunities.

**General Damages**

33. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

34. Here, Plaintiff alleges that, as a result of Defendant's alleged unlawful conduct, she has suffered great anxiety, embarrassment, anger, loss of enjoyment of

life, injury to reputation, and severe emotional distress. Complaint ¶¶ 25, 31, 48, 58, 74; Prayer for Relief, ¶ 2. Though Defendants dispute that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages clearly demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"); *see also Irma Sanchez v. California Dept. of Corrections*, Case No. 1:12-cv-01835-SAB, 2015 WL 3849673 (E.D. Cal. June 11, 2015) (jury returning verdict for $550,000 in compensatory damages on plaintiff's sexual harassment, discrimination and retaliation claims); *Linda Allstot v. City of Los Angeles,* Los Angeles Superior Court Case No. BC592492 (April 4, 2018) jury returning verdict for $3 million in sexual harassment matter based on past and present emotional distress damages) (attached as Exhibit A to Request for Judicial Notice, filed concurrently herewith). Assuming Plaintiff were to recover emotional distress damages in an amount equal to her alleged compensatory damages, Plaintiff would recover at least $24,000.00, the approximate equivalent of one year of wages, for her alleged emotional distress.

35. Based on Plaintiff's allegations of severe mental anguish due to the alleged intentional infliction of emotional distress, discrimination, sexual harassment, and retaliation, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is $24,000.00.

**Punitive Damages**

36. Plaintiff also seeks an award of punitive damages. *See* Complaint, Prayer for Relief, ¶ 3. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

37. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on one of her claims and establish an award under Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. Numerous court decisions and jury verdicts in the Ninth Circuit demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff alleges sexual harassment, discrimination, and retaliation. For example, in *Sharon Paterson v. California Department of General Services, Raymond Asbell and Inter-Con Security Systems, Inc.*, 2008 WL 1901846 (E.D. Cal. 2008), the jury returned at $4,965,000 verdict for the plaintiff based upon claims of sexual harassment and retaliation brought under the FEHA. In *Melissa Borck v. City of Los Angeles*, 2009 WL 1119115 (C.D. Cal. 2009), the jury returned a $2.3 million verdict in favor of the plaintiff based upon claims of failure to prevent sexual discrimination, harassment, and retaliation against women. In *Sanchez v. California Dept. of Corrections and Rehabilitation*, 2015 WL 7573435 (E.D. Cal. 2015), the jury returned a $565,000 verdict in favor of the plaintiff based upon claims of sexual harassment and retaliation brought under FEHA. *See also*, *Steffens v. Regus Group, PLC*, 2013 U.S. Dist. LEXIS 4499 (S.D. Cal. 2013) (jury award of $3,500,000 in punitive damages where plaintiff alleged retaliation); *Doe v. City and County of San Francisco*, 2012 WL 4503915 (N.D. Cal) (jury award of $150,000 in punitive damages where plaintiff alleged sexual harassment and retaliation).

38. Here, again assuming Plaintiff were to recover punitive damages in an amount equal to her alleged compensatory damages, Plaintiff would recover at least $24,000.00, the approximate equivalent of one year of wages, for her alleged punitive

damages. Thus, based on the combined total of Plaintiff's lost wages, emotional distress damages and potential punitive damages alone, it can be reasonably ascertained that the amount in controversy is in excess of $75,000.

**Attorneys' Fees**

39. Plaintiff also seeks attorneys' fees. Compl., Prayer for Relief, ¶ 5. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc*., 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske v. US. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

40. Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

41. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

March 3, 2015) (citations omitted). In fact, the attorneys' fees alone through trial of any cause of action would likely exceed $200,000 and could be many times that amount. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000). Thus, Plaintiff's attorneys' fees add, at the least, $30,000 to the amount in controversy, and in some cases, over $500,000.

42. Therefore, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and cost.

**Other Relief**

43. Plaintiff's Complaint also seeks "such other and further relief as the court deems just and proper." Compl., Prayer for Relief, ¶ 7. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

44. Because it is facially apparent from the Complaint, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

**NOTICE TO PLAINTIFF AND STATE COURT**

45. Immediately following the filing of this Notice of Removal in the United States District Court for the Central District of California, Eastern Division, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Riverside County Superior Court. Gjedsted Decl., ¶ 10.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Riverside County Superior Court to this honorable District Court.

Dated: June 6, 2019

LITTLER MENDELSON, P.C.,

ALYSSA S. GJEDSTED
MAGGY M. ATHANASIOUS
Attorneys for Defendants
AMAZON.COM SERVICES, INC. AND GOLDEN STATE FC, LLC

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is: 633 W. Fifth Street, 63rd Floor, Los Angeles, CA 90071.

On June 6, 2019, I served the foregoing document(s) described as **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT [28 U.S.C. §§ 1332, 1441, 1446]** on the interested parties as follows:

| | | |
|---|---|---|
| Geoff S. Morris<br>The Morris Law Group<br>2900 Bristol Street<br>Suite G-108<br>Costa Mesa, CA 92626 | Tel: (714) 975-8054<br>Fax: (714) 557-1177 | Attorneys for Plaintiff<br>LEAH MCLANE |

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA ELECTRONIC SUBMISSION)** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 6, 2019 at Los Angeles, California.

Laura Aispuro
[Type or Print Name]

[Signature]